UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARRON DRAGICEVIC                          CIVIL ACTION

VERSUS                                       NO. 22-152

DG LOUISIANA, LLC, ET AL.                    SECTION A(5)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 13)** filed by Plaintiff, Sharron Dragicevic. Defendants, DG Louisiana, LLC and Dolgencorp, LLC., oppose the motion. The motion, noticed for submission on April 13, 2022, is before the Court on the briefs without oral argument.

This suit arises out of a slip and fall that occurred at a Dollar General Store on August 24, 2020, in Tangipahoa Parish. Plaintiff alleges that she slipped in either dishwashing detergent or some other slippery substance that should not have been on the floor. (Rec. Doc. 1-1, Petition ¶ IV). Plaintiff filed suit in state court. Her petition recites the typical list of personal injury damages.

Defendants removed the suit to this Court alleging diversity jurisdiction. Relying on the "other paper" rule, *see* 28 U.S.C. § 1446(b)(3), Defendants assert that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, certain answers to discovery that Defendants received in December 2021 demonstrate that the jurisdictional amount for federal subject matter jurisdiction is satisfied.

Plaintiff now moves to remand the suit to state court arguing that Defendants have not met their burden to establish that the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(a)(3) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states).

In *Luckett v. Delta Airlines, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).

The Court agrees with Defendants' assertion that it was not facially apparent from the original petition that the amount in controversy requirement would be met in this case.

To satisfy their burden as to the amount in controversy, Defendants included in the notice of removal other facts in controversy that they learned about in discovery: After the fall Plaintiff left the store in an ambulance; she injured her left hip, left leg, neck, left shoulder, and the left side of her body; Plaintiff was treated by a pain management specialist and was still being treated more than a year after the fall; Plaintiff would not concede that her claim does not exceed $75,000.

Plaintiff included with her motion to remand a copy of the discovery responses that Defendants rely upon and the Court agrees with Plaintiff's contention that the discovery responses are insufficient to establish that the amount in controversy was satisfied *at the time of removal*, which

is the only relevant timeframe. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (explaining that the jurisdictional facts that support removal must be judged at the time of the removal not afterward). Moreover, those same discovery responses indicate that Plaintiff was not employed at the time of the incident and was receiving social security benefits thereby negating the possibility of a claim for lost wages. (Rec. Doc. 13-2 at 4). The medical expenses of record are minimal considering how long ago the incident occurred, and the ongoing treatment since the time of the accident has been pain management. (*Id.* at 7).

Defendants' request to conduct jurisdictional discovery should the Court be inclined to grant the motion to remand is denied. The removing party should expect a motion to remand to be filed and should be prepared to meet its burden of proof without later seeking to obtain discovery in a federal court where there is a presumption against subject matter jurisdiction.[1] *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Further, allowing such discovery would violate the overarching principle that all doubts regarding removal must be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 13)** filed by the plaintiff, Sharron Dragicevic, is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

April 20, 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court also has a duty to sua sponte question jurisdiction even if no motion to remand is filed. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir.1990)).